UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA MARIELA OTINIANO BRENA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00931-JMS-MJD |
| | ) | |
| SAMUEL OLSON, | ) | |
| MARKWAYNE MULLIN, | ) | |
| TODD BLANCHE, | ) | |
| TODD LYONS, | ) | |
| RICHARD KELLY, | ) | |
| NATASHA DOUGLAS, | ) | |
| | ) | |
| Respondents. | ) | |

**Order Directing Entry of Final Judgment**

Petitioner, a noncitizen, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which she challenged her detention at the Clinton County Jail (and subsequently the Clark County Jail in Jeffersonville, Indiana) on behalf of Immigration and Customs Enforcement. Dkt. 1; dkt. 10 at 2.

On May 20, 2026, the Court granted the petition for writ of habeas corpus and ordered Respondents to either: (1) provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Petitioner from custody, under reasonable conditions of supervision. Dkt. 13. Respondents had until 5:00 p.m. on May 26, 2026, to comply with the Court's order. Because Petitioner was moved from Clinton County to Clark County during the briefing, the Court withheld the entry of final judgment until Petitioner's new immediate custodian had been served.

In the meantime, Respondents held a hearing before an immigration judge on May 22, 2026, which resulted in the denial of bond. Dkt. 17. This prompted Petitioner to file a motion to enforce the Court's order. Dkt. 14. On June 3, 2026, Petitioner renewed the motion to enforce, dkt. 24, along with a motion for preliminary injunction that sought immediate release pending resolution of the motion to enforce. Dkt. 25. Petitioner raised several claims, including a claim that the bond hearing held did not comport with due process requirements. The Court ordered briefing on the motion for preliminary injunction, dkt. 26, which was fully briefed on June 5, 2026. Dkts. 27, 28. After, the Court granted in part both the motion to enforce and motion for preliminary injunction and ordered:

> [T]hat Ms. Brena have a second de novo bond hearing that complies with [*Mathews v. Eldridge*, 424 U.S. 319 (1976)], 8 U.S.C. § 1226(a), and its regulations, no fewer than 14 days from the date of this Order. The Court expects that at the hearing, Ms. Brena will be afforded a reasonable opportunity to present witness testimony and any other evidence and that she and counsel will receive no less than 3 business days' notice of the hearing. The respondents must also notify this Court of the date that the bond hearing is set.
>
> In the alternative, the respondents may release Ms. Brena from custody, under reasonable conditions of supervision.

*See* dkt. 30 at 11. A bond hearing was held on June 11, 2026, at which Petitioner's "change in custody status was granted." Dkt. 33.

In light of the above, the Court directs the clerk to enter **final judgment**.

**SO ORDERED**.

Date: 6/16/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

2